# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA

## CHARLOTTE DIVISION


EDUARDO ECKMANN, *et al.*,

        Plaintiffs,

v.                           CIVIL ACTION NO.   3:24-cv-00001

TEACHERS INSURANCE AND AUNNITY
ASSOCIATION OF AMERICA,

        Defendant.


## MEMORANDUM OPINION AND ORDER


Pending before the Court is defendant Teachers Insurance and Annuity Association of America's ("Defendant") Motion to Partially Dismiss the Complaint.   (ECF No. 3.)   The Motion seeks only to dismiss Count IV of plaintiff Eduardo Eckmann's ("Plaintiff") Complaint, which asserts a retaliation claim under Title VII of the 1964 Civil Rights Act, as amended.   (ECF No. 1 at 23.)

The Motion was referred to United States Magistrate Judge David C. Keesler pursuant to 28 U.S.C. § 636(b) for submission of a memorandum and recommendation ("M&R").   Magistrate Judge Keesler filed his M&R on January 17, 2025.   (ECF No. 17.)   In that M&R, he recommends this Court grant Defendant's Motion.   (*Id.* at 16.)

Plaintiff timely filed his objections to the M&R on January 31, 2025, (ECF No. 18), and Defendant timely responded.   (ECF No. 19.)   For the reasons that follow, the Court **OVERRULES** Plaintiffs' objections, **ADOPTS** the M&R, and **DISMISSES** Count IV of the

Complaint.

## I.    BACKGROUND

A lengthy recitation of the facts of this action can be found in the Magistrate Judge's M&R, (ECF No. 17 at 1–4), and therefore need not be repeated here.[1]   The Court will provide a discussion of any relevant facts as necessary throughout this opinion to resolve Plaintiff's objections.

## II.    LEGAL STANDARD

### A.  Review of a Magistrate Judge's M&R

The Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."   28 U.S.C. § 636(b)(1)(C).   However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the Magistrate Judge as to any portion of the findings or recommendation to which no objections are addressed.   *Thomas v. Arn*, 474 U.S. 140, 150 (1985).   Further, this Court need not conduct a *de novo* review of any "general and conclusory objections that do not direct the Court to a specific error in the magistrate's proposed findings and recommendations."   *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### B.  Standard for a motion to dismiss

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is a test of the legal and factual sufficiency of a complaint.   *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009).   To survive a motion to dismiss, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."   *Id.* at 678.   When considering the motion,

---

[1] Plaintiff objected to the Magistrate Judge's recitation of the fact.   (ECF No. 18 at 3–4.)   The Court will address that objection later in this opinion.

a court must construe the facts and any reasonable inference "in the light most favorable to the nonmoving party." *Massey v. Ojaniit*, 759 F.3d 343, 347 (4th Cir. 2014). However, a court need not accept as true legal conclusions, "unwarranted inferences, unreasonable conclusions, or arguments." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008).

A pro se filing "however unskillfully pleaded, must be liberally construed." *Noble v. Barnett*, 24 F.3d 582, 587 n.6 (4th Cir.1994). Mere pleading deficiencies, such as a failure to include the specific statute at issue, is an insufficient ground, standing alone, to dismiss a complaint. *Cf. Johnson v. City of Shelby*, 574 U.S. 10, 11–12 (2014). However, failure to contain sufficient factual allegations in a complaint is grounds for dismissal. *See id.* at 12.[2]

### III.    ANALYSIS

Plaintiff's objections span across multiple issues and are at times largely duplicative. When appropriate, the Court will consolidate objections in order to efficiently address the properly raised objections.

#### A.  Objection to the background section

Plaintiff first objects to the Magistrate Judge's recitation of the facts. Plaintiff claims that "[f]acts supporting Plaintiff's arguments were not included" within that section. (ECF No. 18 at 3.) The four asserted facts missing are: 1) "the fact that Plaintiff attached a letter from his pastor to the accommodation request"; 2) the fact that Plaintiff was "employed by Defendant" and not "employed as a contractor" as the M&R states; 3) "facts that show evidence of different motives,"

---

[2] This Court has reviewed Plaintiff's "additions to the standard of review." Any relevant cases were added. However, most of the cases have little to do with the relevant legal issues. Some of the cases are not binding on this Court. Others, such as *Humphrey v. U.S. Postal Service*, 202 F.3d 268, 273 (6th Cir. 1999) appear not to exist. Another case, *Haines v. Kerner*, involve the former pleading requirements, where a complaint could not be dismissed unless it was "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 404 U.S. 519 (1972). That has since been abrogated by *Iqbal* as described above.

3

such as "Defendant's large investment in stock options" in vaccine suppliers or that Plaintiff "felt that" the Defendant's vaccine policy "had nothing to do with health or safety"; and 4) a list of "facts" that would show that "Defendant's enforcement of the vaccine policy shows evidence of pretext." (*Id.* at 3–4.) All of these facts were apparently "very relevant to a retaliation claim because the preexistence of the vaccine policy does not negate the possibility of retaliation" since these asserted facts show "pretext, retaliatory actions, financial or discriminatory motives and even negligence." (*Id.* at 4.)

As will be explained below, the Magistrate Judge's M&R was largely related to Plaintiff's failure to properly plead additional "cases of retaliation" and that Plaintiff failed to plead a prima facie case of retaliation. As such, none of these additional facts asserted by Plaintiff impact the Magistrate Judge's M&R and are therefore **OVERRULED**.

### B. Objections A, B, and C: protected activity

Plaintiff asserts three objections related to acts he took that he believes were protected activity. (*See* ECF No. 18 at 5–6.) These include: "requesting an accommodation" by filing his vaccine exemption request; engaging in the "phone interview" with a member of Defendant's HR department; and sending an "email [to the] CEO to report activity that was wrong and [violating] Title VII." (*Id.*)

However, the Magistrate Judge assumed, without deciding, that the three "cases of retaliation" Plaintiff tendered were protected activity. (*See* ECF No. 17 at 11 ("Because the undersigned finds that this motion can be resolved through analysis of the second [adverse employment action] and third [causal relationship] elements, the undersigned will assume without deciding the issue of protected activity.").) This Court will similarly assume without deciding

4

that the three instances constitute protected activity.[3]   Accordingly, Objections A, B, and C are **OVERRULED AS MOOT**.

### C.  Objections E, F, G.i, H, and I: Plaintiff's failure to plead three "cases of retaliation"

Plaintiff's next set of objections all relate to the Magistrate Judge's conclusion that "Plaintiff's claim of retaliation in the Complaint specifically asserts only an adverse employment action with respect to his termination."   (ECF No. 17 at 12.)   The Magistrate Judge observed that the Complaint was consistent with Plaintiff's EEOC charge, in that it only made one charge of retaliation when "he was retaliated against in that [his] employer discharged [him]."   (*Id.* (citing ECF No. 1-1 at 3).)

Plaintiff, however, claimed in his response to the motion to dismiss that he pled "three separate cases of retaliation."   (*Id.* (citing ECF No. 7 at 2).)   These three "cases" were: "(1) [an] 'ill-intentioned phone interrogation' which followed his exemption request; (2) the 'false accusation' that he 'screamed 'go to hell'' at the interviewer; and (3) the email reiterating the denial of his exemption request."   (*Id.*)   The Magistrate Judge, upon review of the Complaint and accompanying documentation, concluded that Plaintiff did not properly make those allegations. (*See* ECF No. 17 at 14.)

---

[3] Despite the assumption, the asserted actions are not "protected activity" within the meaning of a Title VII retaliation claim.   To have engaged in protected activity for a Title VII retaliation claim, a plaintiff must allege that they either "(1) engaged in opposing a practice prohibited under Title VII or (2) made a charge, testified, assisted, or participated in an investigation, proceeding, or hearing under Title VII."   *Scherck v. Johns Hopkins University Applied Physics Laboratory LLC*, 2023 WL 6311469, at *4 (D. Md. Sept. 28, 2023) (citing *Pitter v. Community Imaging Partners, Inc.*, 735 F.Supp.2d 379, 395 (D. Md. 2010)).   Requesting a reasonable accommodation, however, does not constitute one of those protected activities.   *See id.* (finding that requesting a reasonable accommodation to be exempt from a COVID-19 vaccine mandate was not protected activity).   It follows then that engagement in the process of assessing the viability of an accommodation request by taking a phone interview, and appealing the denial of the accommodation through email, do not serve as protected activity either.   Since the Magistrate Judge did not elaborate any further on this issue, however, this Court will not either.

The Magistrate Judge correctly reached that result. This Court will analyze Plaintiff's objections related to that conclusion.

i. <u>Plaintiff cannot amend his Complaint through responsive briefs</u>

As an initial matter, Plaintiff suggests in his Objections that this Court should incorporate his responsive briefs as part of the Complaint. Plaintiff asks that the Court read the facts alleged in his opposition brief "together with the Complaint to assess [the] plausibility" of his newly asserted claims. (ECF No. 18 at 8–9.)

The Magistrate Judge addressed a similar issue when Plaintiff attempted to "supplement" his Complaint through responsive briefing. (*See* ECF No. 17 at 7 (noting Plaintiff's additional claims raised in his response brief to the Motion to Partially Dismiss).) There, the Magistrate Judge noted the "likelihood that an Amended Complaint, not a response brief, would have been a more appropriate vehicle for Plaintiff to assert such corrections." (*Id.* at 12.) Nevertheless, the Magistrate Judge analyzed the plausibility of those claims. (*See id.* 12–14.)

An amended complaint was, in fact, the only vehicle for Plaintiff to add these new claims. Rule 15 of the Federal Rules of Civil Procedure provides for the method by which a plaintiff may amend a complaint. In circumstances such as this, Plaintiff could have amended the Complaint 21 days after service of Defendant's Motion, or he had to seek leave of this Court. *See* Fed. R. Civ. P. 15(a)(1)–(2). A plaintiff may not amend their complaint through a responsive brief alone. *See, e.g.*, *Hurst v. District of Columbia*, 681 F. App'x 186, 194 (4th Cir. 2017). Even a pro se plaintiff is not permitted to make such an amendment. *See Jones v. Toro*, 2023 WL 8881816, at *9 (E.D. Va. Dec. 22, 2023) ("[P]laintiffs–even when proceeding pro se–cannot amend their complaints through motions practice.").

6

The Court agrees with the Magistrate Judge that a review of the Complaint reveals that Plaintiff only asserts one instance of an adverse employment activity through his termination. (*See* ECF No. 1 at ¶ 170 ("Defendant took adverse employment action against Plaintiff by terminating his employment.").) Further, the Court is convinced that the Magistrate Judge correctly found that Plaintiff failed to properly allege "three cases of retaliation" within his Complaint. As such, objections D, G.i,[4] H, I, G.ii,[5] and G.iii[6] can all be overruled as moot. Nevertheless, the Court will still consider the arguments Plaintiff has raised.

ii. <u>In the alternative, the Magistrate Judge properly construed Plaintiff's Complaint as failing to allege new claims of a retaliatory "interrogation" or "false accusation"</u>

The Magistrate Judge could have simply ended the analysis by concluding that Plaintiff did not plausibly allege these new claims. Nevertheless, the Magistrate Judge explained why Plaintiff's newly asserted claims in his response brief were inconsistent with the Complaint and the attached exhibits. (*See* ECF No. 17 at 12–14.) The Magistrate Judge resolved this inconsistency in favor of finding only "termination as the adverse employment action" since it was the only claim that was "very clearly" in the Complaint and accompanying exhibits. (*Id.* at 14.)

Plaintiff objects to this conclusion. Plaintiff alleges he has "many pages" already written where he provides a "long and thorough analysis of every statement in the recommendation where it hints a conflict between the document[s] filed" by him. (ECF No. 18 at 7.) Unfortunately, Plaintiff did not attach it because "this objection is limited to 20 pages." (*Id.*) Plaintiff could have sought leave to exceed the page limit, but he failed to do so. The only claim he does raise involves the email sent to Defendant's CEO. (*See id.* at 8 ("For example, the email Plaintiff sent

---

[4] This objection appears on pages 10 through 11 of Plaintiff's Objections.
[5] This objection appears on pages 15 through 17 of Plaintiff's Objections.
[6] This objection appears on pages 17 through 18 of Plaintiff's Objections.

to the CEO triggered a new review of his exemption request, TIAA replied with a new email, which described their unlawful logic to deny and included two false statements. The termination is an adverse employment action, and it is the result of the implementation of the email.").)

However, the Magistrate Judge did not conclude that the Complaint was inconsistent with respect to the email. Rather, it was only with respect to the allegations of an interrogation and false accusations. (*See* ECF No. 17 at 14 ("[T]he undersigned ultimately finds that Plaintiff's Complaint does not sufficiently allege that the phone 'interrogation' or the 'false accusation' constitute adverse employment actions for purposes of his retaliation claim.").) The email Plaintiff refers to was resolved on a failure to allege a causal connection. (*See id.* ("[T]he undersigned is persuaded by Defendant's contention that there is no causal connection alleged between the email Plaintiff sent to TIAA's CEO and the denial of Plaintiff's exemption request. . . .").) Thus, the only specific objection raised as to the "consistency" of Plaintiff's Complaint is moot.[7]

Even if this objection is construed as generally objecting to the method the Magistrate Judge used to construe the claims within the Complaint, it is without merit. When there is inconsistency between a complaint and attached exhibits, a court may defer to the allegations in the complaint. *See Moody v. City of Newport News*, 93 F. Supp. 3d 516, 258 (E.D. Va. 2015). Similarly, "[a] court does not have to accept as true factual allegations that are contradicted by

---

[7] The same can be said of Plaintiff's Objection F arguments. Here, Plaintiff asserts that his Complaint states that "Defendant mischaracterized the phone conversation" between him and Defendant's HR representative, and "he received an email requesting him to participate in a phone conversation . . . to further understand his religious exemptions request." (ECF No. 18 at 9.) That, however, fails to explain the inconsistency the Magistrate Judge noted when looking to Plaintiff's own exhibits where he stated that he thought the HR interview was largely Defendant "just doing [its] job" and seemed to acknowledge that he did use the phrase "go to hell" during the interview. (*See* ECF No. 17 at 13–14. (citing ECF No. 1-1 at 17).) Thus, Plaintiff has still failed to respond specifically as to how the Magistrate Judge erred in determining this inconsistency means that the additional "cases of retaliation" were not properly pled in the Complaint.

exhibits properly before the court." *Spinks v. Cohen*, 2020 WL 1676919, at \*5 (M.D.N.C. Apr. 6, 2020) (citing *Veney v. Wyche*, 293 F.3d 726, 730 (4th Cir. 2002)). Thus, a complaint may be dismissed "if a conflict arises between the allegations of the complaint and the exhibits relied upon when the exhibits undermine the claims." *Id.* (citing *Goines v. Valley Community Services Board*, 822 F.3d 159, 166 (4th Cir. 2016)).

Given the above analysis, the Magistrate Judge was correct to resolve the inconsistency in the Complaint in favor of a viable claim and ignore those claims which would otherwise result in dismissal. Thus, Plaintiff's claim that he established the "interrogation"[8] and "false accusation"[9] claims within the Complaint is without merit.

### iii. The Magistrate Judge correctly concluded that the email sent to the CEO was not itself retaliatory

The Magistrate Judge also analyzed the "third case of retaliation" alleged by Plaintiff. Here, Plaintiff alleged that the email he sent to the CEO was protected activity and that the "adverse employment action" was "an email received from an executive of [Defendant's] Health and

---

[8] Additionally, Plaintiff addresses the interrogation more specifically in Objection G.i. Here, he claims that the adverse employment activity occurred because Defendant faced no "undue hardship" and cites a Fourth Circuit case where it "overruled a lower court's decision that had denied a religious accommodation request without demonstrating undue hardship." (ECF No. 18 at 11.) In that case, the Fourth Circuit was reviewing a district court's ruling in a failure to accommodate case. *See U.S. Equal Employment Opportunity Commission v. Consol Energy, Inc.*, 860 F.3d 131, 141 (4th Cir. 2017) (explaining the elements of a "reasonable accommodation" claim). Under a Title VII reasonable accommodation claim, "an employer must 'make reasonable accommodation for the religious observances of its employees, short of incurring an undue hardship.'" *Id.* (citing *E.E.O.C. v. Firestone Fibers & Textiles Co.*, 515 F.3d 307, 312 (4th Cir. 2008)). That requirement is absent in a retaliation claim. Accordingly, the case Plaintiff cites is inapplicable.

[9] In Objection H, Plaintiff asserts many of the arguments already made again. He does specifically state that the rest of this "phone transcript" and the "phone transcript" he attached from the call with Defendant's HR representative does not mention the word "hell." (ECF No. 18 at 12–13.) Yet Plaintiff once again moves the target, asserting that the false accusation "was a retaliatory action against Plaintiff for sharing his faith, and talking about the messages of the Virgin Mary and the Mark of the Beast." (*Id.* at 13.) Nowhere in the Complaint nor Plaintiff's response brief does he allege that "sharing his faith" was a protected activity. Nor is "sharing faith" an instance of "opposing a practice prohibited under Title VII" nor making a charge, testifying, assisting, or participating in any proceeding under Title VII. *See Scherck*, 2023 WL 6311469 at \*4. Plaintiff's ineffective attempt to explain his objection simply reinforces the Magistrate Judge's determination that the "false accusation" claim was not adequately pled in the Complaint.

Wellness [team]," which "denied the accommodation request." (ECF No. 7 at 20.)

The Magistrate Judge made two findings. First, insofar as Plaintiff was attempting to say that the email to the CEO caused his denial of the accommodation, it was not possible since the "denial occurred before the email was sent." (ECF No. 17 at 14 (citation omitted).) In the alternative, the Magistrate Judge found that if Plaintiff believed the email "from [Defendant] operated as an adverse employment action for reasons other than the sustained denial of his exemption request, the Complaint does not contain sufficient allegations to that effect." (*Id.*)

Plaintiff first argues that the Magistrate Judge erred by considering "the original denial [on January 11] . . . and the final denial [on March 28] . . . as the same event." (ECF No. 18 at 14.) Plaintiff then claims that the email from the Defendant occurred "after [his] protected action of voicing his opposition to the covid mandate" by way of "misconstruing the facts expressed by Plaintiff." (*Id.*) Plaintiff then proffers "more evidence of retaliation" not raised before, and claims the Magistrate Judge failed to recognize "a secondary adverse employment action" in that he was "silenced" since he could no longer email executives at the company. (*Id.* at 15.) Finally, Plaintiff claims that the Magistrate Judge "failed to identify the action of selectively restricting Plaintiff['s] communication as an additional adverse employment action." (*Id.*)

The Magistrate Judge reached the correct conclusion. Once again, Plaintiff asserts facts that are neither in the Complaint nor raised before in order to support his objections. Plaintiff does not show, nor could this Court identify, where in the Complaint the alleged facts could infer a separate retaliation claim. Instead, like the Magistrate Judge, the Court could only find a claim for termination.

In fact, Plaintiff's own Complaint supports the conclusion that the email was just a continuation of the sequence resulting in Plaintiff's termination. (*See* ECF No. 1 at ¶ 43 (characterizing the March 28 email sent to Plaintiff as stating "If you wish to continue with [Defendant], you may still submit proof of receiving the first/final dose of your COVID-19 vaccine. Otherwise, we will *continue to move forward with the off-boarding process . . .*") (emphasis added).) By Plaintiff's own Complaint, Defendant did not make the decision to terminate him because of his email. Rather, it made the decision because of the denial of his accommodation. Even liberally construed, the Complaint does not allege an additional instance of retaliation by Defendant. Rather, the Complaint alleges one denial and one termination. The Magistrate Judge correctly concluded that the third "case of retaliation" would fail because Plaintiff cannot show causation.

For the reasons stated above, Plaintiff's objections related to his additional "cases of retaliation" are **OVERRULED**.

### D. Objection D and G.ii: causal connection

Plaintiff's next set objections relate to the Magistrate Judge's conclusion that Plaintiff's sole claim for retaliation–that he was fired for protected activity–failed to plead a necessary causal connection.

To establish a prima facie case of retaliation, a plaintiff must demonstrate: "(i) that [he] engaged in protected activity, (ii) that [his employer] took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Foster v. University of Maryland-Eastern Shore*, 787 F.3d 243, 251 (4th Cir. 2015) (citing *Price v. Thompson*, 380 F.3d 209, 212 (4th Cir. 2004)) (quotations omitted).

11

Plaintiff first asserts that the two cases the Magistrate Judge used as a comparator were "materially distinct from the facts of this case." (ECF No. 18 at 6.) One of those cases, *Schmidt v. Teachers Insurance and Annuity Association of America,* is apparently distinct because that plaintiff "never made the case for several cases of retaliation." (*Id.*) Plaintiff also avers that *Schmidt* is distinguishable because the judge in that case "did not take into consideration an important fact" found in that plaintiff's complaint, which seems to be that the plaintiff had to endure a "burdensome questionnaire." (*Id.* at 6–7.)

The other case where the facts are "materially distinct" is *Speaks v. Health Systems Management, Inc.* Here, Plaintiff distinguishes this case from his own by noting the plaintiff in *Speaks* "claimed disability . . . retaliation under the Americans with [D]isabilities Act (ADA)," where "she worked on-site with patients, [] was offered accommodation measures but refused them," and because the judge concluded that "her opposition to the policy was not a protected ADA activity according to law." (*Id.* at 6.)

Plaintiff's factual objections are unwarranted. As described above, Plaintiff, like the plaintiff in *Schmidt*, also has not made "several cases of retaliation." His Complaint alleges only one retaliatory act: being terminated. Further, whatever facts the district court judge in *Schmidt* chose to include or not has no bearing on the ultimate legal conclusion reached by the judge. It is also immaterial that *Speaks* was an ADA case, since ADA and Title VII claims are analyzed under a similar framework. *See E.E.O.C. v. Circuit City Stores, Inc.*, 2005 WL 1474025, at *5 n.7 (M.D.N.C. June 21, 2005) ("Because the ADA's goals and structure are similar to Title VII, Title VII precedent is often employed in analyzing ADA claims." (citing *Fox v. General Motors Corp.*, 247 F.3d 169, 176 (4th Cir. 2001))). Further, no matter what other factual allegations were

12

included in *Speaks*, the retaliation claim was dismissed for a lack of a causal relationship, not for lack of a "protected activity." *See Speaks v. Health System Management, Inc.*, 2022 WL 3448649, at *6 (W.D.N.C. Aug. 22, 2017) ("[I]t is not reasonable to infer that there was a causal connection between her criticism of the policy and her termination.").

The main objection to the use of both *Speaks* and *Schmidt* is the legal conclusion both judges reached. In *Schmidt*, a pro se plaintiff filed suit against the same Defendant to this action alleging identical facts to this case. *See Schmidt v. Teachers Insurance and Annuity Association of America*, 2024 WL 3380152, at *1 (W.D.N.C. July 11, 2025). This includes the facts that the plaintiff was initially allowed to work remotely, was then required to return in office under the same vaccine mandate as this Plaintiff, refused to get vaccinated following the denial of a religious accommodation request, and sued this same Defendant for retaliation. *Id.* The court reviewed the complaint and concluded that the plaintiff did not allege a sufficient, causal relationship. First, the court noted that the face of the complaint alleged that Defendant "terminated [p]laintiff because he did not comply with the vaccination mandate prior to the March 1, 2022, deadline, not because he submitted exemption requests or objected on religious grounds." *Id.* at 4. Further, the court noted that, because "the vaccine mandate was enacted *before* Plaintiff submitted his religious exemption [request]," it was "not reasonable to infer a causal connection between [plaintiff's] religious exemption and accommodation request, and his termination." *Id.*

Similarly in *Speaks*, the plaintiff opposed compliance with a COVID-19 vaccination requirement on disability grounds. *Speaks*, 2022 WL 3448649 at *2–3. The plaintiff asserted a retaliation claim for speaking up in opposition to the vaccine mandate. *Id.* at *4. Like *Schmidt*, the court concluded that because "the policy . . . was enacted *before* Speaks [engaged in protected

13

opposition]," it was "not reasonable to infer that there was a causal connection between her criticism of the policy and her termination." *Id.*

The Magistrate Judge found these cases persuasive and applied their legal reasoning to this case. The facts were sufficiently "analogous" to this case, and, given that the policy existed prior to Plaintiff's asserted protected activity, it is not reasonable to infer a causal connection for purposes of Plaintiff's retaliation claim." (ECF No. 17 at 16.) Thus, the Magistrate Judge recommended dismissing Plaintiff's retaliation claim. (*Id.*)

Plaintiff makes two specific arguments related to the causal connection analysis in *Speaks* and *Schmidt*. First, he argues that the application of the cases "presupposes that the adverse employment action is termination and nothing else." (ECF No. 18 at 7.) As already explained above, the Magistrate Judge properly found that the Complaint only alleges retaliation through termination. Therefore, that argument is meritless.

The second is that the Magistrate Judge erred in concluding that "termination cannot be an adverse employment action because the policy was established before the protected action." (*Id.*) After stating the correct standard to establish a prima facie case of retaliation, Plaintiff asserts that "[t]he law does not mention a conditional clause" that would negate his assertion that "a threat of a consequence before engaging in protected activity" can establish a Title VII retaliation claim. (*Id.* at 16.) He continues by arguing that a "preexisting policy does not shield an employer from liability if the enforcement of that policy is motivated by retaliation." (*Id.* at 17.) He then cites two cases to support his legal argument. First, Plaintiff cites *Burlington North Santa Fe Railway Co. v. White* for the proposition that "the Supreme Court clarified that anti-retaliation provisions protect against actions that might dissuade a reasonable employee from engaging in protected

14

activity, regardless of preexisting policies." (*Id.*) The second case is *Thomas v. iStar Financial, Inc.*, where Plaintiff asserts that the court held that, even if an employer had a legitimate policy, evidence of retaliatory enforcement or motive could still sustain a claim. (*Id.*)

Neither case supports Plaintiff's argument. First, the proposition Plaintiff cites *White* for is not relevant. In *White*, the Supreme Court established that the anti-retaliation provision of Title VII only gives a cause of action for those acts by an employer which are "materially adverse." *Burlington North Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006). To meet that standard, an action must be one that "might have 'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" *Id.* (citation omitted). Termination certainly is such a materially adverse employment action. Yet *White* does not stand for the proposition that the existence of an adverse employment action alone establishes a prima facie case of retaliation. Just as the Magistrate Judge concluded, and as pled in Plaintiff's Complaint, his termination was an adverse employment action. However, Plaintiff fails to link that action with protected activity. That is because, as the Magistrate Judge concluded, the policy which resulted in his termination was established before Plaintiff filed his request in the first place.

Similarly *Thomas* does not support Plaintiff. In that case, the issue was at summary judgment where, *after* Plaintiff established a prima facie case, the court looked to whether the defendant had a "legitimate, non-discriminatory criteria for termination." *Thomas v. iStar Financial, Inc.*, 438 F. Supp. 2d 348, 359 (S.D.N.Y. 2006). Because Plaintiff has failed to meet his burden of a prima facie case, the legitimacy of the preexisting policy is immaterial.

Instead, like the Magistrate Judge, this Court finds *Schmidt* and *Speaks* persuasive. Both of those cases are directly on point and both correctly explain why Plaintiff has failed to establish

15

a prima facie case of retaliation. Namely, because the policy existed prior to Plaintiff's protected activity, it cannot form the basis of a causal link to establish a prima facie case of retaliation. Accordingly, this Court **OVERRULES** Plaintiff's objections on the issue of causal connection.

### E. Objection G.iii: *"enforcement of vaccine policy shows evidence of pretext"*

Plaintiff's last objection, which begins on page 17 and concludes on page 18, raises the issue of "pretext" on the part of Defendant. Plaintiff presents a hypothetical and then asks this Court to "consider all the facts form [the] Complaint . . . and Plaintiff's Opposition . . . to determine if they support the argument that Defendant's enforcement of [the] vaccine policy shows evidence of pretext." (ECF No. 18 at 17–18.) Plaintiff then states he "has more evidence."[10] (*Id.* at 18.)

The part of the Magistrate Judge's analysis Plaintiff is objecting to is not immediately clear. Liberally construed, Plaintiff may be objecting to the application of the causation standard by the Magistrate Judge. Plaintiff suggests that he does not need to prove "but-for causation" since his case involves "pretext." (*See id.* at 18.) Plaintiff then cites *Foster v. University of Maryland-Eastern Shore* for the proposition that "causation may be established through a combination of temporal proximity, inconsistent employer justifications, and other circumstantial evidence." (*Id.* (citing *Foster*, 787 F.3d at 251.)

Plaintiff, however, seems to be conflating issues here. The issue of "pretext" is a stage of analysis all to itself, not a justification for bypassing causation. Under the *McDonnell-Douglas*[11] framework, a court analyzes a Title VII claim for a Plaintiff who "lack[s] direct evidence of retaliatory discrimination" in three stages. *Foster*, 787 F.3d at 250. The first stage requires a

---

[10] The Court cannot review evidence it does not have in front of it. Whatever evidence Plaintiff has should have been referenced in the Complaint. He is responsible for presenting that information, and his failures are wholly his own.
[11] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05 (1973) (modified by *Hazen Paper Co. v. Biggins*, 507 U.S. 604 (1993))

plaintiff to establish a prima facie case of retaliation by meeting three elements: "(i) that [he] engaged in protected activity, (ii) that [his employer] took adverse action against [him], and (iii) that a causal relationship existed between the protected activity and the adverse employment activity." *Id.* (citing *Price*, 380 F.3d at 212) (quotations omitted). "[T]he burden then shifts" at stage two, and the employer-defendant then must "show that its purportedly retaliatory action was in fact the result of a legitimate non-retaliatory reason." *Id.* (citation omitted). If the defendant-employer makes that showing, then the final stage shifts the burden back to the plaintiff, who must show "that the employer's purported non-retaliatory reasons were not its true reasons, but were a pretext for discrimination." *Id.* (quotation omitted).

Plaintiff's objection seems to suggest that the Court can substitute the third stage of *McDonnell-Douglas* for the first. However, that is not the proper way to approach retaliation claims. The burden-shifting framework is sequential, and requires Plaintiff to first make out a prima facie case before there is any analysis of pretext as to the justifications proffered by Defendant. Simply put, at the pleading stage the burden has never shifted to Defendant. Therefore, there is no need to analyze whether any hypothetical justification was pretextual.

For those reasons, Plaintiff's objection is **OVERRULED**.

### F. Addition of a "fourth case" of retaliation

Plaintiff once again attempts to raise new claims of retaliation without amending his Complaint. This time, Plaintiff states that "in lieu [*sic*] of the Magistrate Judge's recommendation, Plaintiff is obliged to include in his objection, a fourth case of retaliation." (ECF No. 18 at 1.) This "fourth case" was apparently "reported to the EEOC investigator but not included in the report." (*Id.* at 1–2.) Plaintiff then proceeds to add additional facts to support

17

this "fourth case."   (*Id.* at 18–19.)

It is well established that a litigant may not raise new issues not previously before the Magistrate Judge.   *See Samples v. Ballard*, 860 F.3d 266, 273 (4th Cir. 2017); *see also Wilkerson v. Target Corp.*, 578 F. Supp. 2d 835, 837 (S.D. W. Va. 2008) (Copenhaver, J.) (finding that a pro se plaintiff cannot raise new claims in an objection to a magistrate judge's proposed findings and recommendation).   Upon review of both the Magistrate Judge's M&R and Plaintiff's response brief, he has never before raised this "fourth case" before the Magistrate Judge.   Accordingly, the Court will **OVERRULE** the objection.

### G.  *Leave to amend*

At the end of the M&R, the Magistrate Judge noted "Plaintiff's stated desire to amend the Complaint."   (ECF No. 17 at 16 (citing ECF No. 7 at 22).)   Plaintiff made that suggestion in his response brief before the Magistrate Judge.   (*See* ECF No. 7 at 21–22 ("Plaintiff plans to amend this Complaint after the discovery phase, to correct any deficiencies and to assert additional claims. In the event the Court grants the Defendant's Motion to Dismiss the retaliation claim, the Plaintiff requests leave to amend the Complaint both to correct any deficiencies and assert additional claims.").)   Now, however, Plaintiff seems to abandon that desire, instead stating that any leave to amend would be prejudicial to him.   (ECF No. 18 at 19–20 ("Requiring an amended complaint in this instance would impose an undue burden on Plaintiff, particularly given that the facts and legal argument provided in opposition to Defendant's [M]otion and in this objection sufficiently address any perceived deficiencies in the initial pleading.").)

Fair enough.   "[T]he plaintiff is the master of his complaint," *Custer v. Sweeney*, 89 F.3d 1156, 1165 (4th Cir. 1996), and this Court will not require Plaintiff to amend his deficient

18

Complaint if he does not want to. At the same time, however, none of the facts added in either the objection or the responsive briefs serve as amendments to the Complaint. *See Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184–85 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). Insofar as Plaintiff's previous desire to amend his Complaint is construed as a motion for leave to amend, the Motion is **DENIED AS WITHDRAWN**.

### H. Interlocutory appeal

In the alternative, Plaintiff asks this Court to certify interlocutory appeal under 28 U.S.C. § 1292(b). (ECF No. 18 at 20.) Plaintiff avers that an appeal could clarify the viability of Plaintiff's retaliation claim" because there is "a controlling question of law," and there are "substantial grounds for difference[s] of opinion" because of "conflicting case law regarding similar claims" that would lead to "the ultimate resolution of the litigation." (*Id.*)

When a district court judge enters an otherwise non-appealable order, the court may nonetheless certify an appeal if the order "involves a controlling question of law as to which there is substantial ground for difference of opinion and . . . an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Interlocutory review is a narrow exception to the longstanding rule against piecemeal appeals." *Lynn v. Monarch Recovery Management., Inc.*, 953 F. Supp. 2d 612, 626 (D. Md. 2013) (quotation omitted). When deciding if a potentially certified issue would "materially advance the ultimate termination of the litigation," district courts have looked to factors, such as whether an appeal would "(1) eliminate the need for trial, (2) eliminate complex issues so as to simplify the trial, or (3) eliminate issues to make discovery easier and less costly." *Id.* (citing *Orson, Inc. v. Miramax*

*Film Corp.*, 867 F. Supp. 319, 322 (E.D. Pa. 1994)). Thus, § 1292(b) certification "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation," but should not be "a vehicle to provide early review of difficult rulings." *Abortion Rights Mobilization, Inc. v. Regan*, 552 F. Supp. 364, 366 (S.D.N.Y. 1982).

Here, granting certification would not serve the purposes of an interlocutory appeal. As explained above, there is no substantial differences of opinion regarding the legal questions that the M&R answers. Further, allowing Plaintiff to engage in piecemeal appeals would both slow down the adjudication and impose further costs on Defendant. Given that Counts I, II, and III remain after this order, nothing the Fourth Circuit does would eliminate the need for an eventual trial. In short, there is neither a benefit from certifying nor a need to certify an appeal at this stage. Accordingly, Plaintiff's Motion for Certification of Interlocutory Appeal is **DENIED**.

## IV. CONCLUSION

For the reasons stated above, the Court **OVERRULES** Plaintiff's Objections to the M&R, **DENIES AS WITHDRAWN** the Motion for Leave to Amend, and **DENIES** the Motion for Certification of Interlocutory Appeal. (ECF No. 18.) The Court **ADOPTS** the M&R, (ECF No. 17), **GRANTS** Defendant's Motion for Partial Dismissal, (ECF No. 3), and **DISMISSES** Count IV of the Complaint.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any

unrepresented party.

ENTER:        September 25, 2025

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

21